**STATE of Minnesota, Respondent,**

v.

**Billy Joe ROWLAND, Appellant.**

**No. 47525.**

Supreme Court of Minnesota.

May 5, 1978.

C. Paul Jones, Public Defender, Robert Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., William Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of two counts of third-degree felony murder, Minn.St. 609.195(2), and was sentenced by the trial court to a maximum indeterminate term of 25 years in prison. Defendant appeals from judgment of conviction. We affirm.

The evidence adduced at trial showed that defendant approached an elderly man sitting in a park in broad daylight and robbed him and beat him. Two days later the man died. Police learned that defendant had committed a similar assault on another elderly man several days earlier, and showed his picture, along with a number of others, to a friend of the deceased who had witnessed the robbery and assault with which we are concerned. He positively identified defendant's picture and later identified defendant at trial. The mother of the man who had been with defendant at the time of the assault and robbery also positively identified defendant's picture and later identified him at trial. She testified that the day of the assault and robbery defendant was laughing about his having beaten an old man in the park. In addition to this evidence identifying defendant as the assailant, there was expert medical testimony causally connecting the victim's death to the assault. In summary, there is no merit to defendant's contention that there was as a matter of law insufficient evidence to justify the guilty verdict.

Defendant's second contention is that the photographic identification procedures employed by the police were unnecessarily suggestive, rendering the resulting identifications of defendant unreliable. We agree with the district court that the procedures used were not suggestive and we are satisfied that there was no "very substan-

tial likelihood of irreparable misidentification." *Manson v. Brathwaite,* 432 U.S. 98, 116, 97 S.Ct. 2243, 2254, 53 L.Ed.2d 140, 155 (1977); *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

Defendant's third and final contention is that he was denied a fair trial by the admission of evidence of a prior assault because the prosecutor did not specify the exception to the exclusionary rule rendering it admissible and because the trial court did not give a limiting instruction at the time the evidence was admitted, only at the close of all the evidence. Although the prosecutor should have specified the exception rendering the evidence admissible and the trial court sua sponte should have given a limiting instruction when the evidence was admitted, there was no reversible error because defendant did not request the statement from the prosecutor or the limiting instruction by the court. *State v. Forsman,* 260 N.W.2d 160 (Minn.1977).

Affirmed.